JUDGE CROTTY

09 CIV 8311



BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Plaintiff
46 Trinity Place
New York, New York 10006
212-297-0050
Todd P. Kenyon (TK 7654)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

| | | |
|---|---|---|
| FURMAR SHIPPING LTD. | : | |
| | : | |
| Plaintiff, | : | 09 Civ. |
| | : | |
| -against- | : | |
| | : | **VERIFIED COMPLAINT** |
| RP LOGISTICS PVT. LTD. | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------X

Plaintiff, Furmar Shipping Ltd. ("Owner" or "Plaintiff"), by and through its attorneys, Betancourt, Van Hemmen, Greco & Kenyon LLC, for its Verified Complaint against Defendant, alleges upon information and belief as follows:

1.      Plaintiff is a foreign business entity organized under the laws of the Marshall Islands.

2.      Upon information and belief, defendant RP Logistics Pvt. Ltd. ("RP Logistics") is a foreign business entity with a place of business at Kolkata, India.

3.      This Verified Complaint alleges admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has admiralty jurisdiction over such claims pursuant to 28 U.S.C. § 1333.

4.      This action is further brought pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. 201, *et. seq.*

5.      On or about July 30, 2009, Owner and RP Logistics entered into a voyage charter party ("Charter") whereby Owner agreed to charter the M/V FURTRANS BULK ("Vessel") to RP Logistics as charterer for a voyage to carry a cargo of "40,000 MT 5 pct more or less at Owners' option bulk iron ore fines" from India to China.

6.      The Charter provided for freight to be paid to Owner at the rate of $25.25 per metric ton and demurrage to be paid at the rate of $18,000 per day pro rata.

7.      Pursuant to Clause 51 of the Charter, the Owner and RP Logistics agree that Stewart Surveyors and Assayers Pvt Ltd would test the cargo prior to loading to assure that the cargo's "Transportable Moisture Limit" ("TML") and "Flow Moisture Point" ("FMP") complied with IMO BC Code 2004 standards.

8.      Pursuant to the terms of the Charter, Owner on August 3, 2009, tendered notice of readiness to load the cargo of iron ore onboard the Vessel at Diamond Harbor, Kolkata, India.

9.      Prior to loading, samples of the iron ore to be loaded were taken and sent for analysis where it was found that a substantial part of the cargo did not meet the Charter's

2

specifications on moisture content.

10.    Owner subsequently sought to work with RP Logistics on follow-up testing of the cargo in an effort to ensure that only safe cargo meeting Charter specifications would be loaded aboard the Vessel.

11.    Despite Owner's best efforts, RP Logistics refused to cooperate in having a safe cargo loaded pursuant to Charter specifications and also advised that they considered the Charter to be at an end.

12.    RP Logistics thus breached its obligations under the Charter by seeking to load cargo that did not meet the Charter's moisture specifications and by refusing to cooperate in further testing of the cargo to ensure only safe cargo would be loaded.

13.    RP Logistics further repudiated its contractual obligations by declaring the Charter to be at an end, which repudiation was accepted by Owner.

14.    As a consequence of RP Logistics' wrongful breach and repudiation of the Charter, Owner has suffered principal damages in the amount of $568,370, which represents the amount of revenue lost while taking into account an amount of revenue earned under a partially substitute voyage undertaken after the breach and repudiation ($517,885), plus port expenses ($42,839) and survey fees ($7,646) unnecessarily incurred because of the breach and repudiation.

3

15.    The Charter provides for application of English Law and for arbitration in London, which Plaintiff intends to pursue.

16.    Interest, attorneys fees and arbitration costs are routinely awarded under English Law and in London Arbitration.

17.    Owner's claim is currently as follows: (1) principal sum of $568,370; (2) interest of $108,567 (6% per year for 3 years compounded annually); and (3) attorneys fees and litigation costs of $150,000, for a total claim of $826,937.

18.    RP Logistics cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but on information and belief, RP Logistics has, or will have during the pendency of this action, property within the District, including funds or credits being held by, or being transferred through, one or more garnishee banks or financial institutions within the District.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims and in the form of a Process of Maritime Attachment be issued and levied against all property of RP Logistics within the District, including all funds being held by, or being transferred through, one or more garnishee banks or financial institutions within the District, up to the amount of $826,937; and

4

B.    That process in due form of law issue against RP Logistics, citing it to appear and answer under oath the matters alleged in this Verified Complaint, and that judgment in favor of Plaintiff be entered against RP Logistics in the amount of $826,937 in case of default; and

C.    That this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.,* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et. seq.,* direct the parties to proceed with arbitration and then retain jurisdiction pending the final outcome of London Arbitration so that any award may be recognized and confirmed as a Judgment of this Court and any such Judgment may be satisfied by the funds attached herein; and

D.    That this Court grant Plaintiff such other, further and different relief as is deemed just and proper.

Dated: September 30, 2009

BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Plaintiff

By _____

Todd P. Kenyon (TK 7654)
Attorneys for Plaintiff
46 Trinity Place
New York, New York 10006
212-297-0050

5

## ATTORNEY VERIFICATION

I, TODD P. KENYON, hereby declare under penalty of perjury as follows:

I am a member of the firm Betancourt, Van Hemmen, Greco & Kenyon LLC, attorneys for Plaintiff herein. I have read the foregoing Verified Complaint, and know the contents thereof, and the same are true and correct to the best of my knowledge, information and belief. I have reviewed documentation concerning this matter provided by Plaintiff and have corresponded with them on the information provided. I am authorized by Plaintiff to make this verification. I am making this verification since there is no officer or director of Plaintiff within the District to execute same. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on September 30, 2009.

_____
Todd P. Kenyon

6